# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/23/2021 10:36 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV31088

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WDW JOINT VENTURE, a California Entity dba DOWNEY COMMUNITY
HEALTH CENTER; JAMES LANDRUM, an individual; and DOES 1 through
100, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:** ESTATE OF KATIE BEATRICE LANDRUM,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* by and through its
Successors-in-Interest MAURICE LANDRUM, JR., KATHY JOHNSON, BRIDGRETTE
JOHNSON, and MICHELLE MILLER; MAURICE LANDRUM, JR., an individual; KATHY
JOHNSON, an individual; BRIDGRETTE JOHNSON, an individual; MICHELLE MILLER, an
individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California - Los Angeles<br>111 N. Hill Street<br>Los Angeles, CA 90012<br>Stanley Mosk Courthouse<br>Central District | **CASE NUMBER:**<br>*(Número del Caso):*<br>21STCV31088 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott H. Carr (156664); Aaron L. Osten (281315) Telephone: (310) 576-1200 Facsimile: (310) 576-1200
GREENE BROILLET & WHEELER, LLP
222 N. Pacific Coast Highway, 21st Floor El Segundo, CA 90245

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 08/23/2021 | Clerk, by<br>*(Secretario)* C. Monroe | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WDW JOINT VENTURE, a California Entity dba DOWNEY COMMUNITY HEALTH CENTER
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* BUSINESS ENTITY OF UNKNOWN FORM
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 08/23/2021 09:58 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV31088

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Audra Mori

GREENE BROILLET & WHEELER, LLP
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

SCOTT H. CARR, SBN 156664 (scarr@gbw.law)
AARON L. OSTEN, SBN 281315 (aosten@gbw.law)

Attorneys for  Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTATE OF KATIE BEATRICE LANDRUM, by and through its Successors-in-Interest MAURICE LANDRUM, JR., KATHY JOHNSON, BRIDGRETTE JOHNSON, and MICHELLE MILLER; MAURICE LANDRUM, JR., an individual; KATHY JOHNSON, an individual; BRIDGRETTE JOHNSON, an individual; MICHELLE MILLER, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> WDW JOINT VENTURE, a California Entity dba DOWNEY COMMUNITY HEALTH CENTER; JAMES LANDRUM, an individual; and DOES 1 through 100, inclusive; <br><br> Defendants. | CASE NO.  21STCV31088 <br><br> **COMPLAINT FOR DAMAGES** <br> 1. **Breach of Implied Warranty of Habitability** <br> 2. **Elder Abuse and Neglect (Welfare and Institutions Code § 15600, *et seq.*)** <br> 3. **Negligence/Negligence Per Se** <br> 4. **Violation of Residents' Bill of Rights (Health and Safety Code § 1430(b))** <br> 5. **Wrongful Death** <br> 6. **Fraud** <br><br> **DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs ESTATE OF KATIE BEATRICE LANDRUM, by and through its successors-in-interest MAURICE LANDRUM, JR., KATHY JOHNSON, BRIDGRETTE JOHNSON, and MICHELLE MILLER; MAURICE LANDRUM, JR., an individual; KATHY JOHNSON, an individual; BRIDGRETTE JOHNSON, an individual; MICHELLE MILLER, an individual (hereinafter "Plaintiffs"), and for causes of action against

Defendants WDW JOINT VENTURE, a California entity dba DOWNEY COMMUNITY HEALTH CENTER, and DOES 1 through 100, inclusive, and each of them, allege as follows:

**PARTIES**

1. Plaintiff MAURICE LANDRUM, JR. is the natural born child and lawful heir of Decedent KATIE BEATRICE LANDRUM (hereinafter referred to at times as "Decedent"). At all times relevant herein, MAURICE LANDRUM, JR. is and was a resident of San Bernardino County, State of California.

2. Plaintiff KATHY JOHNSON is the natural born child and lawful heir of Decedent KATIE BEATRICE LANDRUM (hereinafter referred to at times as "Decedent"). At all times relevant herein, KATHY JOHNSON is and was a resident of Los Angeles County, State of California.

3. Plaintiff BRIDGRETTE JOHNSON is the natural born child and lawful heir of Decedent KATIE BEATRICE LANDRUM (hereinafter referred to at times as "Decedent"). At all times relevant herein, BRIDGRETTE JOHNSON is and was a resident of Los Angeles County, State of California.

4. Plaintiff MICHELLE MILLER is the natural born child and lawful heir of Decedent KATIE BEATRICE LANDRUM (hereinafter referred to at times as "Decedent"). At all times relevant herein, MICHELLE MILLER is and was a resident of the State of California.

5. Plaintiff is required by California law to name JAMES LANDRUM, who is also the son of KATIE BEATRICE LANDRUM, as a Nominal Defendant, even though he is in no way liable for the death of KATIE BEATRICE LANDRUM. Should JAMES LANDRUM choose to assert claims in this action, he would have standing to be a Plaintiff in this matter. Unless referred to specifically by name or as Nominal Defendant, all other references to Defendants in this complaint exclude JAMES LANDRUM.

6. Plaintiff MAURICE LANDRUM, JR. is the Decedent's successor-in-interest pursuant to California Code of Civil Procedure § 377.10 and has declared himself as such as required by California Code of Civil Procedure § 377.32.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 2 -
COMPLAINT FOR DAMAGES

1     7.   Plaintiff KATHY JOHNSON is the Decedent's successor-in-interest pursuant to

2    California Code of Civil Procedure § 377.10 and has declared herself as such as required by

3    California Code of Civil Procedure § 377.32.

4     8.   Plaintiff BRIDGRETTE JOHNSON is the Decedent's successor-in-interest pursuant to

5    California Code of Civil Procedure § 377.10 and has declared herself as such as required by

6    California Code of Civil Procedure § 377.32.

7     9.   Plaintiff MICHELLE MILLER is the Decedent's successor-in-interest pursuant to

8    California Code of Civil Procedure § 377.10 and has declared herself as such as required by

9    California Code of Civil Procedure § 377.32.

10    10.   Defendant WDW JOINT VENTURE is a California entity dba DOWNEY

11    COMMUNITY HEALTH CENTER (hereinafter "DCHC"), with its principal place of business in

12    the County of Los Angeles, State of California.

13    11.   Defendant DCHC and DOES 1 through 100, inclusive, were, at all times relevant

14    herein, in the business of providing long-term custodial care as a 24-hour skilled nursing facility

15    as defined in Section 1250(c) of the Health and Safety Code at the location of 8425 Iowa St.,

16    Downey, California 90241.

17    12.   DCHC is and at relevant times herein was licensed under the Department of Public

18    Health and was therefore subject to the requirements of state law regarding the operation of skilled

19    nursing facilities.  In doing the acts alleged herein, DCHC acted at the implicit and/or explicit

20    instruction of, and with the express and/or implied authority of the officers, administrators,

21    directors, and operators of DCHC.

22    13.   Decedent was a resident/tenant of Defendants' property from approximately April 2019

23    through the time of her death in 2020, when she was 87 years old.

24    14.   Plaintiffs are informed and believe and thereupon allege that Defendants DOES 1

25    through 100, inclusive, were, at all times relevant herein, individuals and/or entities rendering care

26    and services to Decedent and whose conduct caused the injuries and damages alleged herein.

27    15.   The true names and/or capacities, whether individual, corporate, associate or otherwise,

28    of Defendants, and each of them, DOES 1 through 100, inclusive, are unknown to Plaintiffs, who

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

- 3 -

COMPLAINT FOR DAMAGES

1    therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe and

2    thereupon allege that each defendant fictitiously named herein as a DOE was legally responsible,

3    negligently, wantonly, recklessly, tortuously, or in some other actionable manner, for the events

4    and happenings, or lack thereof, hereinafter referred to, and thereby proximately caused the

5    injuries and damages to Plaintiffs as hereinafter alleged.  Plaintiffs will seek leave of court to

6    amend this Complaint to insert the true names and/or capacities of such fictitiously named

7    Defendants when the same have been ascertained.

8         16.  Plaintiffs are informed and believe and thereupon allege that at all times mentioned

9    herein, Defendants, and each of them, including DOES 1 through 100, inclusive, were the agents,

10   servants, employees, alter egos, and/or joint venturers of their coDefendants, and were as such

11   acting within the course, scope, and authority of said agency, servancy, employment, alter ego,

12   and/or joint venture, and that each and every defendant, as aforesaid, when acting as a principal,

13   was negligent in the selection and hiring of each and every other defendant as an agent, servant,

14   employee, alter ego, and/or joint venture, and that each and every defendant has ratified and

15   approved the acts of her or her agents, servants, employees, alter egos, and/or joint venturers by

16   and through its officers, directors, and/or managing agents.

17        17.  Defendants DCHC and DOES 1 through 100, inclusive, will hereafter be collectively

18   referred to as "Defendants".

19

20                              **GENERAL ALLEGATIONS**

21        18.  Under the provisions of Welfare and Institution Code section 15610.27, while a

22   resident/tenant at Defendants' facility KATIE BEATRICE LANDRUM was at all times

23   mentioned an elder adult, and Defendants were caretakers in a trust relationship as defined in

24   Welf. & Inst. Code section 15610.17.  As a resident/tenant at Defendants' facility, KATIE

25   BEATRICE LANDRUM required extensive assistance with her activities of daily living.  KATIE

26   BEATRICE LANDRUM was dependent on Defendants and DOES 1-100, and each of them, for

27   her most basic needs, including mobility, nutrition, hydration, hygiene, and personal care.

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 4 -

[988232]

42

19.   The above-entitled action is not based upon the purposeful allocation or administration of a Covered Countermeasure, as that term is defined in the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (the "PREP Act").  Rather, it is based on the recklessness and neglect of Defendants in the operation of their facility, and in their care of the Decedent, as described herein.

20.   Plaintiffs are informed and believe and thereupon allege that beginning when her residency/tenancy of DCHC commenced in April 2019, KATIE BEATRICE LANDRUM received substandard care with respect to her nourishment and general treatment, including but not limited to receiving incorrect dosages of her medication, failing to receive the necessary assistance with activities of daily living, and suffering bed sores and pressure ulcers.  Further, that prior to June 5, 2020, cases of COVID-19 were present at Defendants' facility and that Defendants knew or should have known that COVID-19 was present in Defendants' facility.

21.   On or about June 5, 2020, Plaintiffs were informed that while under care and treatment of Defendants, KATIE BEATRICE LANDRUM tested positive for COVID-19.   However, Plaintiffs were assured by staff at DCHC that KATIE BEATRICE LANDRUM was not suffering or experiencing any symptoms of illness.  Plaintiffs were also informed by facility staff at that time that the facility had no cases of COVID-19, yet KATIE BEATRICE LANDRUM was being moved to the COVID-19 ward with other residents who were symptomatic.

22.   On or about June 7, 2020, Defendants transferred KATIE BEATRICE LANDRUM to PIH Health Downey Hospital for treatment.  Only then did Plaintiffs learn that, contrary to the assurances of Defendants, KATIE BEATRICE LANDRUM was suffering a collapsed lung, low oxygen, dehydration, pressure ulcers, and disorientation, among other symptoms indicating neglect.  KATIE BEATRICE LANDRUM was stated to be in "critical condition".

23.   KATIE BEATRICE LANDRUM remained in critical but stable condition at PIH Health Downey Hospital until approximately June 19, 2020, at which time she was transferred back to the COVID-19 ward of DCHC.  Plaintiffs are informed and believe and thereupon allege that KATIE BEATRICE LANDRUM remained isolated amongst other residents who were

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

43

1  positive for COVID-19 for a short period of time, before being moved back to a room that was not

2  isolated, despite not having received a negative COVID-19 test.

3      24.    While at DCHC, from the time of KATIE BEATRICE LANDRUM's return on

4  approximately June 19, 2020, she remained on 24-hour oxygen and her condition did not improve.

5      25.    On or about August 23, 2020, KATIE BEATRICE LANDRUM's condition

6  deteriorated rapidly, and she was again transferred to PIH Health Downey Hospital where, as a

7  result of her deteriorated medical condition caused by Defendants' conduct, she passed away

8  within hours.

9      26.    Plaintiffs are informed and believe and thereupon allege that prior to and during June

10  of 2020, DCHC knew or should have known that COVID-19 was present in the facility, yet failed

11  to take steps to prevent the spread of COVID-19 within the facility, including but not limited to

12  the following failures:

13      (a)    DCHC did not notify KATIE BEATRICE LANDRUM or her family of positive

14  COVID-19 cases within the facility in a timely manner that would have enabled them to have the

15  necessary information to transfer KATIE BEATRICE LANDRUM to a safer living situation;

16      (b)    DCHC failed to timely isolate residents with positive COVID-19 test results

17  and/or symptoms of COVID-19 such that COVID-19 was able to spread amongst the residents,

18  staff, and visitors with rapid speed;

19      (c)    DCHC failed to ensure that its staff and medical care providers complied with the

20  most basic of infectious disease precautions such as, but not limited to, properly wearing and

21  utilizing personal protective equipment, hand-washing or use of alcohol-based handrubs,

22  identifying and removing possible sources of contamination, and disposing of single-use items that

23  came into contact with infected residents;

24      (d)    DCHC failed to provide sufficient personal protective equipment for staff in June

25  2020 which unreasonably allowed for the spread of corona virus.

26      27.    Many of these deficiencies were confirmed by an investigation into DCHC by the

27  California Department of Public Health, which responded to a complaint made by Plaintiffs

28  Maurice Landrum, Jr., and Kathy Johnson, Complaint Number: CA00693915, regarding the care

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

44

provided to KATIE BEATRICE LANDRUM, and issued a report on or about July 15, 2020, which informed Plaintiffs Maurice Landrum, Jr. and Kathy Johnson that the agency had "substantiated your complaint" after "an unannounced visit to the facility of June 25, 2020 and investigated circumstances surrounding your complaint through direct observation, interviews, and/or review of documents."   The California Department of Public Health ("CDPH"), found, among other things, the following:

- "Based on observation, interview, and record review, the facility failed to provide personal hygiene for one of 3 residents (1), who needed total assistance from staff for personal hygiene, as indicated in the facility's policy and procedures.  [KATIE BEATRICE LANDRUM (referred to as Resident 1 in the report)], who was totally dependent on staff for personal hygiene, had a dark color substance in between all the ten fingernails.  This deficient practice had the potential for [KATIE BEATRICE LANDRUM] to experience poor personal hygiene and potential for infection." (CDPH Report, pp. 1-2.)

- "Based on observation, interview, and record review, the facility failed to provide the necessary treatment and services…by failing to: [¶] 1. Identify and assess [KATIE BEATRICE LANDRUM]'s pressure ulcer (localized damage to the skin and underlying soft tissue usually over a bony prominence or related to a medical or other device) stage 2 (partial-thickness skin loss) located in the coccyx (tail bone) area.  This deficient practice had the potential for [KATIE BEATRICE LANDRUM]'s pressure injury to worsen and get infected." (Id. at p. 4.)

- "Based on observation, interview, and record review, the facility failed to ensure one of 3 residents (1), who had a urinary indwelling catheter (tube inserted into the bladder to drain urine), had documented evidence of a clinical condition to ensure catheterization was necessary.   [KATIE BEATRICE LANDRUM] had a urinary indwelling catheter and the facility

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 7 -

[988232]

45

did not have an indication for its use. This deficient practice had the potential for [KATIE BEATRICE LANDRUM] to experience complications, such as pain, and urinary infection...the facility's Director of Staff Development (DSD) stated she did not know why [KATIE BEATRICE LANDRUM] had a urinary indwelling catheter. DSD stated the resident's urine in the tubing looked 'a little cloudy'." (Id. at pp. 7-8.)

- "Based on observation, interview, and record review, the facility failed to provide a safe, sanitary environment to help prevent the spread of infections during the Corona virus ([COVID-19] a respiratory illness that can spread from person to person) for three of 3 residents ([KATIE BEATRICE LANDRUM], 2, 3), as indicated in the facility's policy and procedure by failing to: [¶] 1. Ensure staff did not enter the green zone (clean area) after they entered yellow zone (potentially contaminated area). [¶] 2. Ensure staff performed hand hygiene (washing hands with the use of a water and soap or applying an alcohol-based handrub to the surface of hands). [¶] 3. Ensure staff wore the personal protective equipment ([PPE] protective clothing) correctly. [¶] 4. Ensure to close to residents' doors in the COVID-19 unit. [¶] 5. Ensure the oxygen tubing did not touch the floors and ensure they had labels. [¶] 6. Ensure to disinfect and dispose of PPE according to current guidelines. These deficient practices had the potential to spread infections to other residents, staff, and visitors." (Id. at pp. 14-15.)

28. Plaintiffs are informed and believe and thereupon allege that as early as June 22, 2020, DCHC had reported no less than 104 positive COVID-19 cases and 14 resident deaths, evidencing the widespread problem which had been exacerbated by DCHC's failures to act, a material fact that was never communicated to Plaintiffs and in fact had been purposefully concealed from Plaintiffs.

29. Because KATIE BEATRICE LANDRUM was a resident/tenant of Defendants' facility, Defendants and each of them, had a duty under state laws, designed for the protection and

[988232]

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

benefit of residents like KATIE BEATRICE LANDRUM, to provide her with twenty-four-hour custodial care, supervision, and a safe home. Defendants' duties included, but were not limited to:

(a) Follow, implement, and adhere to all physicians' orders, pursuant to <u>California Code of Regulations</u>, Title 22, § 72301;

(b) Accurately monitor and record KATIE BEATRICE LANDRUM's condition and report changes to her doctor and family, pursuant to <u>California Code of Regulations</u>, Title 22, § 72307;

(c) Maintain accurate records of KATIE BEATRICE LANDRUM's condition and treatment, pursuant to the <u>California Code of Regulations</u>, Title 22, §§ 72311 and 72543;

(d) Accord KATIE BEATRICE LANDRUM dignity and respect, and not subject her to abuse or neglect, pursuant to <u>California Code of Regulations</u>, Title 22, § 72315(b);

(e) Maintain nursing and other staffing at levels necessary to meet the needs of KATIE BEATRICE LANDRUM, pursuant to <u>California Code of Regulations</u>, Title 22, § 72329;

(f) Follow skilled nursing care standards to maximize the health, safety, and well-being of KATIE BEATRICE LANDRUM, pursuant to <u>California Code of Regulations</u>, Title 22, § 72100, et seq.;

(g) Ensure that KATIE BEATRICE LANDRUM was free from unnecessary hazards, pursuant to <u>California Code of Regulations</u>, Title 22, § 72637;

(h) Ensure that KATIE BEATRICE LANDRUM was free from physical abuse and neglect, pursuant to <u>California Code of Regulations</u>, Title 22, § 72527(a)(9);

(i) Ensure the implementation of the means for protecting the health and safety of KATIE BEATRICE LANDRUM.

30. Plaintiffs are informed and believe and thereupon allege that each and all of the acts and omissions alleged herein were performed by, or are attributable to, all Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf.

31. At all times mentioned herein, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times mentioned herein, the Defendants, and each of

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

1    them, aided and abetted the acts and omissions of each and all the other Defendants in proximately

2    causing the damages herein alleged.

3       32.    That in instructing, directing, and mandating the activities alleged herein, doing the

4    acts or omissions alleged herein, Defendants and their officers, directors, and/or employees, knew

5    or in the exercise of reasonable caution should have known, that they were violating state

6    regulations in the operation of skilled nursing facilities in the State of California.

7       33.    Further, Defendants and their officers, directors, and/or employees, made a conscious

8    and purposeful decision to ignore and violate state regulations governing the operation of a skilled

9    nursing facility for the sole and express purpose of maximizing profit and corresponding bonuses

10    to these individuals and others in management positions.

11       34.    The Defendants, by and through their officers, directors, and/or employees, were fully

12    aware that their conduct and practice of maximizing profit at the expense of the legally mandated

13    care to be provided to an elder in a skilled nursing facility in the State of California, would and did

14    in fact injure elders, including KATIE BEATRICE LANDRUM.

15       35.    Despite this knowledge, Defendants and their officers, directors, and/or employees,

16    directed said course of conduct with a callous indifference to the pain and suffering they were, and

17    are, inflicting upon elders, including KATIE BEATRICE LANDRUM

18       36.    At all times relevant to this action, Defendants had the care and custody of KATIE

19    BEATRICE LANDRUM in that she resided at Defendants' facility on a 24-hour basis as a total

20    care patient and as such were "Care Custodians" as defined in the California Welf. & Inst. Code.

21       37.    In owning, operating, managing, and/or supervising Defendants' facility, Defendants,

22    and each of them, held themselves out to the general public, and KATIE BEATRICE LANDRUM

23    in particular, as being in compliance with all applicable state laws and regulations.

24       38.    At all times mentioned herein, Defendants, and each of them, were responsible for the

25    care, custody, safety, and well-being of KATIE BEATRICE LANDRUM who was a patient of

26    Defendants. Upon information and belief, it is alleged that the acts of Defendants, and each of

27    them, were a substantial factor in causing personal injury, emotional distress, and economic

28    damages to Plaintiffs herein, as well as the death of KATIE BEATRICE LANDRUM.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

- 10 -
COMPLAINT FOR DAMAGES

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

**FIRST CAUSE OF ACTION**

**(BREACH OF IMPLIED WARRANTY OF HABITABILITY As Against All**

**Defendants)**

39.   Plaintiffs incorporates by reference each and every allegation contained in preceding and foregoing paragraphs as though fully set forth herein.

40.   Prior to Decedent entering Defendants' facility as a resident/tenant, all Defendants, including DOES 1 through 100, impliedly warranted that the premises were habitable.   At all relevant times, Plaintiffs/Decedent continued to make payments to be a resident/tenant of the facility.

41.   Defendants, including DOES 1-100, and each of them were made aware of the dangerous conditions on the subject property as alleged herein, including but not limited to the danger and presence of COVID-19, and although Defendants had sufficient time to make the premises safe, Defendants failed to take any action to make the premises safe.

42.   As a proximate result of Defendants, including DOES 1-100, breach of their implied warranty of habitability and their failure to take any corrective action, Decedent died, and Plaintiffs seek damages as set forth herein.   Furthermore, Plaintiffs seek damages for payments made to Defendants to be a resident/tenant of the facility during all times Defendants breached the warranty of habitability.

**SECOND CAUSE OF ACTION**

**ELDER ABUSE AND NEGLECT**

**[WELFARE & INSTITUTION CODE § 15600 *et seq*]**

**(Against All Defendants)**

43.   Plaintiffs hereby reallege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

44.   Upon information and belief, Defendants, acted with reckless neglect and disregard towards Decedent KATIE BEATRICE LANDRUM.

- 11 -

COMPLAINT FOR DAMAGES

45.   At all times mentioned herein, Decedent was a member of the class of persons intended to be protected by the Elder Abuse and Dependent Adult Civil Protection Act (Welfare and Institutions Code § 15600 *et seq*).

46.   At all times mentioned herein, Defendants owned, operated, managed and/or worked at a skilled nursing and long-term care facility as defined in Welf. & Inst. Code § 15610.47, health practitioners as defined in Welf. & Inst. Code § 15610.37, and/or care custodians as defined in Welf & Inst. Code § 15610.17.

47.   Decedent was a resident/tenant/patient of Defendants and the staff, physicians, employees, and agents thereof and was under the care of Defendants.   During the time that Decedent was a resident/tenant/patient of Defendants, Defendants were entrusted with care and/or custodian care of Decedent, and thus Defendants owed Decedent a duty of care pursuant to common law as licensed healthcare providers and/or had specific duties under state regulations, which were designated by the legislature to provide for the safety of residents/patients, including Decedent.

48.   Defendants continually, willfully, and recklessly breached their duties to Decedent. These acts and omissions by the Defendants resulted in Decedent becoming ill, as well as other harms including contracting a COVID-19 infection, all of which contributed to Decedent's death. Specifically, the general neglect of Decedent, as well as the separate failure to take measures to protect Decedent from contracting Covid-19, were all contributing factors in causing Decedent's demise.   In particular, and without limiting the generality of the foregoing, Defendants acted with conscious disregard to Decedent's rights, health, and safety, and failed to:

(a)   Ensure Decedent was not subject to acts of neglect;

(b)   Ensure the premises of Defendants were in a non-dangerous condition, free of hazards and/or potential harms;

(c)   Recklessly concealing from Plaintiffs the neglect and reckless endangerment of Decedent;

(d)   Provide Decedent medical treatment;

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

50

(e)   Follow, implement, and adhere to all guidelines on how to protect and treat Decedent in light of the risk of COVID-19;

(f)   Accurately monitor and record Decedent's condition and to report changes to her doctor, family and/or Decedent's legal representative;

(g)   Timely initiate emergency corrective treatment in light of Decedent's obvious medical distress and high-risk of future distress;

(h)   Provide care in a non-negligent manner.

(i)   Provide staff with adequate training;

(j)   Isolate suspected or identified COVID-19 carriers from staff or residents;

(k)   Disclose known or suspected COVID-19 carriers to staff and/or residents;

(l)   Take precautions to ensure that Decedent did not contract COVID-19;

(m)   Ensure Decedent was not cohabitating in the same room with roommates infected with Covid-19;

(n)   Failed to keep sufficient staffing levels;

(o)   Defendants allowed Decedent to contract Covid-19 at Defendant's facility as a result of the allegations set forth herein.

49.   The acts and/or omissions of Defendants, as stated above, were reckless and done in conscious disregard for the rights and safety of Decedent in light of their failure to recognize that Decedent was being subject to these acts of reckless neglect.

50.   As a direct and proximate result of the conduct of Defendants, Plaintiffs were compelled to and did employ the services of hospitals, physicians, surgeons, nurses, and the like to care for and treat Decedent, and did incur hospital, medical, professional, and incidental expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

51.   As a direct and proximate cause of the Defendants' conduct, Plaintiffs sustained the loss of love, affection, society, service, assistance, protection, comfort, support, right of support, expectations of future support and counseling, companionship, solace, and moral support, as well as other benefits and assistance KATIE BEATRICE LANDRUM, all to their general damage in a

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

- 13 -

COMPLAINT FOR DAMAGES

1   sum in excess of $50,000.00, the exact amount of which expenses will be stated according to

2   proof, pursuant to California <u>Code of Civil Procedure</u> section 425.10.

3       52.  As a direct and proximate result of the Defendants' conduct, Plaintiffs have incurred

4   funeral and burial expenses in an amount to be stated at the time of trial.

5       53.  As a direct and proximate result of the Defendants' conduct, which was carried out

6   with oppression, fraud by concealment, malice and recklessness, Plaintiffs are entitled to enhanced

7   remedies, including attorney's fees, costs, the pre-death pain and suffering of Decedent KATIE

8   BEATRICE LANDRUM, and punitive damages.

9

10                      **THIRD CAUSE OF ACTION**

11                  **NEGLIGENCE/NEGLIGENCE *PER SE***

12                      **(Against All Defendants)**

13      54.  Plaintiffs hereby reallege and incorporate by reference each and every preceding

14  paragraph as if fully set forth herein.

15      55.  Defendants, by and through their management, agents, and employees, were charged

16  with the care and custody of Decedent, an elder and dependent adult suffering from physical

17  limitations and mental disease.

18      56.  Defendants were under a statutory duty to exercise reasonable care to provide

19  assistance and prevent harm to Decedent and to comply with all applicable state laws and

20  regulations governing skilled nursing facilities in California, including but not limited to:

21          (a)  Cal Health & Safety Code § 1279.6 (safety plan);

22          (b)  Cal Health & Safety Code § 1337.1 (adequate training);

23          (c)  Cal Health & Safety Code § 1599.1(a) (adequate and qualified staff);

24          (d)  22 CCR § 72311 (care plan and prompt reporting);

25          (e)  22 CCR § 72315 (required services);

26          (f)  22 CCR § 72329(a) and 75210(e) (adequate staffing);

27          (g)  22 CCR § 72517 (adequate training);

28          (h)  22 CCR § 72523 (adequate policies and procedures);

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 14 -
COMPLAINT FOR DAMAGES

[988232]

52

(i)   22 CCR § 72527(a)(11) (respect, dignity, and without abuse);

(j)   22 CCR § 72537 (reporting of communicable diseases);

(k)   22 CCR § 72539 (reporting of outbreaks); and

(l)   22 CCR § 72541 (reporting of unusual occurrences).

57.   Defendants continually, willfully, and recklessly breached their duties to Decedent by, among other acts and omissions, violating these laws and regulations.  These acts and omissions by the Defendants were a contributing factor in Decedent's severe injury, illness, and ultimate death.

58.   As a direct and proximate result of Defendants' conduct, Plaintiffs were compelled to and did employ the services of hospitals, physicians, surgeons, nurses, and the like to care for and treat Decedent, and did incur hospital, medical, professional, and incidental expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

59.   As a direct and proximate cause of Defendants' conduct, Plaintiffs sustained the loss of love, affection, society, service, assistance, protection, comfort, support, right of support, expectations of future support and counseling, companionship, solace, and moral support, as well as other benefits and assistance, of KATIE BEATRICE LANDRUM, all to their general damage in a sum in excess of $50,000.00, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

60.   As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred funeral and burial expenses in an amount to be stated at the time of trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF PATIENTS' BILL OF RIGHTS

### [HEALTH & SAFETY CODE § 1430(b)]

### (Against All Defendants)

61.   Plaintiffs hereby reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

53

62.    From the time that Decedent was first admitted into Defendants' facility, Defendants, by and through their management, agents, and employees, were charged with the care and custody of Decedent, an elder and dependent adult suffering from physical and mental limitations.

63.    Defendants owed a duty to Decedent to ensure that Decedent's patient rights were not violated.  (California Health and Safety Code § 1430(b).)  Decedent's patient rights are established in section 72527 of Title 22 of the California Code of Regulation.  These patient rights include, but are not limited to:

      (a)    To be free from mental and physical abuse;

      (b)    To be treated with consideration, respect and full recognition of dignity; and

      (c)    That a facility provide an adequate number of qualified personnel to carry out all functions of the facility.

64.    Defendants violated the above referenced rights when Defendants failed to provide medical measures.  In particular, and without limited to generality of the foregoing, Defendants violated Decedent's rights when they failed to:

      (a)    Ensure Decedent was not subject to acts of neglect;

      (b)    Ensure the premises of the facility were in a non-dangerous condition, free of hazards and/or potential harms;

      (c)    Recklessly concealing from Plaintiffs the neglect and reckless endangerment of Decedent;

      (d)    Provide Decedent medical treatment;

      (e)    Follow, implement, and adhere to guidelines on how to treat Decedent in light of the risk of COVID-19;

      (f)    Accurately monitor and record Decedent's condition and to report changes to her doctor and her legal representative;

      (g)    Timely initiate emergency corrective treatment in light of Decedent's obvious medical distress and high-risk of future distress;

      (h)    Provide care in a non-negligent manner.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

- 16 -
COMPLAINT FOR DAMAGES

54

65.   As a direct and proximate result of the breach of these duties by Defendants, KATIE BEATRICE LANDRUM suffered personal injury, emotional pain, suffering, and death.

66.   As a direct and proximate result of the conduct of Defendants, Plaintiffs were compelled to and did employ the services of hospitals, physicians, surgeons, nurses, and the like to care for and treat Decedent, and did incur hospital, medical, professional, and incidental expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

67.   As a direct and proximate cause of the conduct of Defendants, Plaintiffs sustained the loss of love, affection, society, service, assistance, protection, comfort, support, right of support, expectations of future support and counseling, companionship, solace, and moral support, as well as other benefits and assistance, of KATIE BEATRICE LANDRUM, all to their general damage in a sum in excess of $50,000.00, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

68.   As a direct and proximate result of the conduct of Defendants, Plaintiffs have incurred funeral and burial expenses in an amount to be stated at the time of trial.

69.   Because the aforementioned conduct of the Defendants were carried out in a deliberate, cold, callous, and intentional manner in order to injure and damage Decedent or, in the alternative, was despicable conduct carried on with a willful and conscious disregard for the rights and safety of others and subjected Decedent to cruel and unjust hardship in conscious disregard for her rights, Plaintiffs request the assessment of punitive damages against Defendants in an amount according to proof.

70.   Also due to the aforementioned conduct of the Defendants which was carried out in a deliberate, cold, callous, and intentional manner in order to injure and damage Decedent, Plaintiffs also are entitled to attorney's fees and costs, as well as Decedent's pain and suffering prior to her death.

///

///

///

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

- 17 -
COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### WRONGFUL DEATH

### (Against All Defendants)

71.   Plaintiffs hereby reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

72.   Decedent KATIE BEATRICE LANDRUM died on August 23, 2020, as an ultimate result of the acts and omissions of the Defendants as set forth above.

73.   Defendants owed duties to protect Decedent from the abuse and neglect alleged herein, as aforesaid, which ultimately caused Decedent's death.  However, Defendants breached those duties by failing to prevent Decedent from contracting and becoming ill, ultimately leading to her death.

74.   The breaches of Defendants caused injury and death to Decedent.  Decedent would not have suffered death but for the conduct and breaches of duty of Defendants.

75.   As a direct and proximate cause of the conduct of Defendants, Plaintiffs sustained the loss of love, affection, society, service, assistance, protection, comfort, support, right of support, expectations of future support and counseling, companionship, solace, and moral support, as well as other benefits and assistance, of KATIE BEATRICE LANDRUM, all to their general damage in a sum in excess of $50,000.00, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

76.   As a direct and proximate result of the conduct of Defendants, Plaintiffs have incurred funeral and burial expenses in an amount to be stated at the time of trial.

## SIXTH CAUSE OF ACTION

### CONCEALMENT

### (Against All Defendants)

77.   Plaintiffs incorporate herein by reference all of the prior allegations as set forth in detail, above.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 18 -
COMPLAINT FOR DAMAGES

[988232]

56

78. During the various time frames identified herein, Decedent KATIE BEATRICE LANDRUM was a resident/tenant at Defendant's facility and was treated by various staff, physicians and healthcare providers at Defendant's facility, and as such, a fiduciary relationship was formed between Plaintiffs and/or Plaintiffs' Decedent with Defendants herein, and each of them. As such, Defendants were under a fiduciary duty to disclose material facts related to the status of the health and well-being of KATIE BEATRICE LANDRUM, including but not limited to whether KATIE BEATRICE LANDRUM had been exposed to and/or contracted COVID-19 while at Defendant's facility, or was being exposed to an unreasonable risk of harm based on exposure to infected residents and staff, or whether she was otherwise physically ill.

79. Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them failed to disclose, concealed and/or suppressed critical and important facts concerning KATIE BEATRICE LANDRUM's health, safety and overall well-being, including but not limited to KATIE BEATRICE LANDRUM's being exposed to an unreasonable risk of harm based on exposure to infected residents and staff and exposure to and/or contracting of COVID-19 within Defendant's facility.

80. Defendants, and each of them, repeatedly concealed material and critical facts from Plaintiffs about the spread and prevalence of the COVID-19 virus within the facility, as well as the lack of precautions being taken to keep KATIE BEATRICE LANDRUM safe from infection, despite numerous inquiries by Plaintiffs MAURICE LANDRUM and KATHY JOHNSON seeking information about KATIE BEATRICE LANDRUM's health and living conditions.

81. In response to Plaintiffs' multiple and repeated requests for information, Defendants, and each of them, provided Plaintiffs with the assurances of KATIE BEATRICE LANDRUM's health, including that KATIE BEATRICE LANDRUM was in a safe environment where every precaution was being taken to eliminate the risk of harm from COVID-19, and that she had not been exposed to and/or contracted COVID-19; however, at the same time Defendants knew that such assurances were untrue and that KATIE BEATRICE LANDRUM had been exposed to and/or contracted COVID-19 and/or was being recklessly exposed to risk of harm.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

- 19 -
COMPLAINT FOR DAMAGES

[988232]

57

82. At the time of these failures to disclose and concealment of critical and material facts, Plaintiffs were ignorant of the existence of the facts that Defendants concealed and failed to disclose. If Plaintiffs or KATIE BEATRICE LANDRUM had been aware of the existence of the facts concealed by Defendants, particularly that KATIE BEATRICE LANDRUM was being recklessly exposed to the virus through other infected residents and staff, and/or that she was exposed to and/or contracted COVID-19 at Defendants' facility, Plaintiffs' Decedent would not have continued as a resident/tenant and patient at Defendants' facility and would have sought residence as well as medical treatment and care elsewhere. Such reliance by plaintiff or Plaintiffs' Decedent was justified given the fact that Defendants' facility included physicians and staff members who purported to have specialized skills in administering the care and treatment to Decedent and others such as Decedent. In addition, based on the special and fiduciary relationship created, Defendants were under a duty to disclose relevant facts concerning Plaintiffs' Decedent's medical condition and treatment.

83. As a proximate result of Defendants' acts of concealment and suppression of critical and material information, Plaintiffs did not remove KATIE BEATRICE LANDRUM from Defendants' facility, resulting in KATIE BEATRICE LANDRUM becoming exposed to and ultimately infected with COVID-19 and subsequently succumbing to her injuries.

84. As a proximate result of Defendants' acts of concealment and suppression of critical and material information, Plaintiffs have suffered damages as alleged herein.

85. As a direct and proximate result of the above-described conduct of Defendants, which caused the deaths of Decedent, Plaintiffs have sustained the loss of love, affection, society, service, comfort, support, right of support, expectations of future support, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of the Decedent, all to their general and special damage in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof, in accordance with Section 425.10 of the California Code of Civil Procedure.

///

///

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

58

86. As a further direct and proximate result of the above-described conduct of the Defendants, Plaintiffs have incurred medical, funeral, and/or burial expenses in an amount to be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

87. The concealment by the Defendants, and each of them, was made in the course of the advice, care and treatment given to KATIE BEATRICE LANDRUM, and was a substantial factor in causing all of the damages alleged herein.

88. Because the aforementioned conduct of the Defendants were carried out in a deliberate, cold, callous, and intentional manner in order to injure and damage Decedent or, in the alternative, was despicable conduct carried on with a willful and conscious disregard for the rights and safety of others and subjected Decedent to cruel and unjust hardship in conscious disregard for her rights, Plaintiffs request the assessment of punitive damages against Defendants in an amount according to proof.

89. Also due to the aforementioned conduct of the Defendants which was carried out in a deliberate, cold, callous, and intentional manner in order to injure and damage Decedent, Plaintiffs also are entitled to attorney's fees and costs, as well as Decedent's pain and suffering prior to her death.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For special damages according to proof;

2. For general damages according to proof;

3. For costs of suit and attorneys' fees herein incurred pursuant to Welf. & Inst. Code §15657 *et seq*;

4. For pre-judgment and post-judgment interest, if any, incurred;

5. For reimbursement of medical expenses;

6. For reimbursement of funeral and burial expenses;

7. For the pre-death pain and suffering of Decedent KATIE BEATRICE LANDRUM;

8. For punitive damages; and

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

- 21 -
COMPLAINT FOR DAMAGES

59

1      9.  For such other and further relief as the Court may deem proper.

2

3    DATED: August 20, 2021          GREENE BROILLET & WHEELER, LLP

4

5                              Scott Carr, Esq.

6                              Aaron Osten, Esq.

7                              Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988232]

- 22 -
**COMPLAINT FOR DAMAGES**

**60**

1

**DEMAND FOR JURY TRIAL**

2

3       Plaintiffs hereby demand a trial by jury of all causes of action.

4

5    DATED: August 20, 2021                    GREENE BROILLET & WHEELER, LLP

6

7                                              _____

8                                              Scott Carr, Esq.
                                               Aaron Osten, Esq.
9                                              Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 956
EL SEGUNDO, CA 90245

[988232]

- 23 -
COMPLAINT FOR DAMAGES

Electronically FILED by Superior Court of California, County of Los Angeles on 08/23/2021, 10:36 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

**CM-010**

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Scott H. Carr, Esq. (156664); Aaron L. Osten (281315)<br>GREENE BROILLET & WHEELER, LLP<br>222 N. Pacific Coast Highway, Suite 2100<br>El Segundo, CA 90245<br>TELEPHONE NO.: (310) 576-1200   FAX NO.: (310) 576-1220<br>ATTORNEY FOR *(Name):* Plaintiffs | *FOR COURT USE ONLY* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Estate of Landrum v. WDW Joint Venture, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>21STCV31088 |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 20, 2021
Aaron L. Osten
_____   ► _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36) Other
    Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE:<br>Estate of Landrum v. WDW Joint Venture, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☒ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4



| SHORT TITLE:<br>Estate of Landrum v. WDW Joint Venture, et al. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels _____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | ☐ A6032 Quiet Title | 2, 6 |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Estate of Landrum v. WDW Joint Venture, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SHORT TITLE: Estate of Landrum v. WDW Joint Venture, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | ADDRESS: 8425 Iowa St |
|---|---|

| CITY: Downey | STATE: CA | ZIP CODE: 90241 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: August 20, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.



67

Electronically FILED by Superior Court of California, County of Los Angeles on 08/23/2021 10:35 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

GREENE BROILLET & WHEELER, LLP
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

SCOTT H. CARR, SBN 156664 (scarr@gbw.law)
AARON L. OSTEN, SBN 281315 (aosten@gbw.law)

Attorneys for    Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTATE OF KATIE BEATRICE LANDRUM, by and through its Successors-in-Interest MAURICE LANDRUM, JR., KATHY JOHNSON, BRIDGRETTE JOHNSON, and MICHELLE MILLER; MAURICE LANDRUM, JR., an individual; KATHY JOHNSON, an individual; BRIDGRETTE JOHNSON, an individual; MICHELLE MILLER, an individual; | CASE NO. 21STCV31088 |
| | **DECLARATION OF SUCCESSOR IN INTEREST PURSUANT TO C.C.P. §377.32** |
| Plaintiffs, | |
| vs. | |
| WDW JOINT VENTURE, a California Entity dba DOWNEY COMMUNITY HEALTH CENTER; JAMES LANDRUM, an individual; and DOES 1 through 100, inclusive; | |
| Defendants. | |

- 1 -

DECLARATION OF SUCCESSOR-IN-INTEREST

[988652]

DocuSign Envelope ID: 25E223DB-19EF-4345-A850-B2AC06BE5D7E

**DECLARATION OF BRIDGRETTE JOHNSON**

**AS SUCCESSOR IN INTEREST PURSUANT TO C.C.P. §377.32**

I, BRIDGRETTE JOHNSON, in accordance with the provisions of Section 377.32 of the Code of Civil Procedure, declare under penalty of perjury as follows:

1.    The decedent's name is KATIE BEATRICE LANDRUM.

2.    Decedent KATIE BEATRICE LANDRUM died on August 23, 2020, in the County of Los Angeles, State of California.

3.    No proceeding is now pending in California for the administration of the decedent's estate.

4.    I am the surviving daughter of the decedent, and am a successor in interest, as defined in Code of Civil Procedure § 377.11, to the estate of decedent, and succeed to decedent's interest in the action.

5.    No other person has a superior right to commence this action or to be substituted for decedent in this action.

6.    Attached to this declaration is a certified copy of the death certificate of decedent, KATIE BEATRICE LANDRUM.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

8/13/2021 | 12:15 AM PDT

Executed this ___ day of August, 2021, at Vernon, California.

DocuSigned by:

*Bridgrette Johnson*

BRIDGRETTE JOHNSON
Declarant

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988652]

- 2 -
DECLARATION OF SUCCESSOR-IN-INTEREST

# Exhibit 1

# STATE OF CALIFORNIA
### CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
## DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF DEATH**

STATE FILE NUMBER: 3052020201394

LOCAL REGISTRATION NUMBER: 3202019047666

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) | KATIE |
| 2. MIDDLE | BEATRICE |
| 3. LAST (Family) | LANDRUM |
| AKA, ALSO KNOWN AS | CATER BEATRICE DAVIDSON |
| 4. DATE OF BIRTH | 01/01/1933 |
| 5. AGE Yrs | 87 |
| 8. SEX | F |
| 6. BIRTH STATE/FOREIGN COUNTRY | TX |
| 10. SOCIAL SECURITY NUMBER | 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 |
| 11. EVER IN U.S. ARMED FORCES? | NO |
| 12. MARITAL STATUS | DIVORCED |
| 7. DATE OF DEATH | 08/23/2020 |
| 8. HOUR | 1056 |
| 13. EDUCATION | ASSOCIATE |
| 14/15. WAS DECEDENT HISPANIC/LATINO/SPANISH | NO |
| 16. DECEDENT'S RACE | BLACK |
| 17. USUAL OCCUPATION | NURSE |
| 18. KIND OF BUSINESS OR INDUSTRY | HEALTHCARE |
| 19. YEARS IN OCCUPATION | 30 |
| 20. DECEDENT'S RESIDENCE | 8425 IOWA ST |
| 21. CITY | DOWNEY |
| 22. COUNTY/PROVINCE | LOS ANGELES |
| 23. ZIP CODE | 90241 |
| 24. YEARS IN COUNTY | 1 |
| 25. STATE/FOREIGN COUNTRY | CA |
| 26. INFORMANT'S NAME, RELATIONSHIP | KATHY LEANETTE JOHNSON, AHCD |
| 27. INFORMANT'S MAILING ADDRESS | 350 WISCONSIN AVE #5, LONG BEACH, CA 90814 |
| 28. NAME OF SURVIVING SPOUSE/SDP—FIRST | |
| 31. NAME OF FATHER/PARENT—FIRST | JOHN |
| 32. MIDDLE | HENRY |
| 33. LAST | DAVIDSON |
| 34. BIRTH STATE | TX |
| 35. NAME OF MOTHER/PARENT—FIRST | ETHEL |
| 36. MIDDLE | ROSE |
| 37. LAST BIRTH NAME | DAVIDSON |
| 38. BIRTH STATE | TX |
| 39. DISPOSITION DATE | 09/10/2020 |
| 40. PLACE OF FINAL DISPOSITION | RESIDENCE OF KATHY LEANETTE JOHNSON 350 WISCONSIN AVE #5, LONG BEACH, CA 90814 |
| 41. TYPE OF DISPOSITION(S) | CR/RES |
| 42. SIGNATURE OF EMBALMER | ERIN CONYERS |
| 43. LICENSE NUMBER | EMB8940 |
| 44. NAME OF FUNERAL ESTABLISHMENT | ROSE HILLS MORTUARY |
| 45. LICENSE NUMBER | FD970 |
| 46. SIGNATURE OF LOCAL REGISTRAR | MUNTU DAVIS, M.D. |
| 47. DATE | 09/09/2020 |

| Field | Value |
|---|---|
| 101. PLACE OF DEATH | PIH HEALTH-DOWNEY |
| 102. COUNTY | LOS ANGELES |
| 103. FACILITY ADDRESS OR LOCATION WHERE FOUND | 11500 BROOKSHIRE AVE |
| 104. CITY | DOWNEY |
| 107. CAUSE OF DEATH IMMEDIATE CAUSE | (A) ACUTE HYPERCAPNIA RESPIRATORY FAILURE |
| | (B) CHRONIC OBSTRUCTIVE PULMONARY DISEASE |
| | (C) DIASTOLIC CONGESTIVE HEART FAILURE |
| 112. OTHER SIGNIFICANT CONDITIONS | OBESITY |
| 113. WAS OPERATION PERFORMED | NO |

| Field | Value |
|---|---|
| 116. SIGNATURE AND TITLE OF CERTIFIER | CHIH-HSIN CHEN M.D. |
| 117. LICENSE NUMBER | A103838 |
| 117. DATE | 09/04/2020 |
| 114. DECEDENT ATTENDED SINCE | 08/22/2020 |
| 115. DECEDENT LAST SEEN ALIVE | 08/23/2020 |
| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | CHIH-HSIN CHEN M.D. 12401 WASHINGTON BLVD, WHITTIER, CA 90602 |
| 119. MANNER OF DEATH | Natural |

## CERTIFIED COPY OF VITAL RECORD
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

*010001004553923*

002573524



Health Officer and Registrar   DATE ISSUED   MD   SEP 16 2020

DO 12

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the Registrar.

ALTERATION OR ERASURE VOIDS THIS CERTIFICATE




Electronically FILED by Superior Court of California, County of Los Angeles on 08/23/2021 10:35 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

1

GREENE BROILLET & WHEELER, LLP
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

SCOTT H. CARR, SBN 156664 (scarr@gbw.law)
AARON L. OSTEN, SBN 281315 (aosten@gbw.law)

4

5

Attorneys for ___Plaintiffs_____

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

11

ESTATE OF KATIE BEATRICE LANDRUM, by and through its Successors-in-Interest MAURICE LANDRUM, JR., KATHY JOHNSON, BRIDGRETTE JOHNSON, and MICHELLE MILLER; MAURICE LANDRUM, JR., an individual; KATHY JOHNSON, an individual; BRIDGRETTE JOHNSON, an individual; MICHELLE MILLER, an individual;

12

13

14

15

16

Plaintiffs,

17

vs.

18

WDW JOINT VENTURE, a California Entity dba DOWNEY COMMUNITY HEALTH CENTER; JAMES LANDRUM, an individual; and DOES 1 through 100, inclusive;

19

20

Defendants.

21

CASE NO. 21STCV31088

**DECLARATION OF SUCCESSOR IN INTEREST PURSUANT TO C.C.P. §377.32**

22

23

24

25

26

27

28

- 1 -

DECLARATION OF SUCCESSOR-IN-INTEREST

[988651]

## DECLARATION OF KATHY JOHNSON
## AS SUCCESSOR IN INTEREST PURSUANT TO C.C.P. §377.32

I, KATHY JOHNSON, in accordance with the provisions of Section 377.32 of the Code of Civil Procedure, declare under penalty of perjury as follows:

1.    The decedent's name is KATIE BEATRICE LANDRUM.

2.    Decedent KATIE BEATRICE LANDRUM died on August 23, 2020, in the County of Los Angeles, State of California.

3.    No proceeding is now pending in California for the administration of the decedent's estate.

4.    I am the surviving daughter of the decedent, and am a successor in interest, as defined in Code of Civil Procedure § 377.11, to the estate of decedent, and succeed to decedent's interest in the action.

5.    No other person has a superior right to commence this action or to be substituted for decedent in this action.

6.    Attached to this declaration is a certified copy of the death certificate of decedent, KATIE BEATRICE LANDRUM.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _10_ day of August, 2021, at Long Beach, California.

_____
KATHY JOHNSON
Declarant

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988651]

- 2 -
DECLARATION OF SUCCESSOR-IN-INTEREST

# Exhibit 1

# STATE OF CALIFORNIA
### CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
## DEPARTMENT OF PUBLIC HEALTH

STATE FILE NUMBER 3052020201394

### CERTIFICATE OF DEATH

LOCAL REGISTRATION NUMBER 3202019047666

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| KATIE | BEATRICE | LANDRUM |

AKA, ALSO KNOWN AS – include full AKA (FIRST, MIDDLE, LAST)
CATER BEATRICE DAVIDSON

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | # UNDER 1 YEAR | # UNDER 24 HOURS | 6. SEX |
|---|---|---|---|---|
| 01/01/1933 | 87 | Months / Days | Hours / Minutes | F |

| 7. BIRTH STATE/FOREIGN COUNTRY | 8. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 9. HOUR (24 Hours) |
|---|---|---|---|---|---|
| TX | 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 | YES [X] NO UNK | DIVORCED | 08/23/2020 | 1058 |

| 13. EDUCATION | 14/15. WAS DECEDENT HISPANIC/LATINO/SPANISH (if yes, see worksheet on back) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| ASSOCIATE | YES [X] NO | BLACK |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| NURSE | HEALTHCARE | 30 |

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 6425 IOWA ST |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| DOWNEY | LOS ANGELES | 90241 | 1 | CA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state and zip) |
|---|---|
| KATHY LEANETTE JOHNSON, AHCD | 350 WISCONSIN AVE #5, LONG BEACH, CA 90814 |

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST BIRTH NAME |
|---|---|---|

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| JOHN | HENRY | DAVIDSON | TX |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST BIRTH NAME | 38. BIRTH STATE |
|---|---|---|---|
| ETHEL | | ROSE | TX |

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 09/10/2020 | RESIDENCE OF KATHY LEANETTE JOHNSON 350 WISCONSIN AVE #5, LONG BEACH, CA 90814 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CR/RES | ▶ ERIN CONYERS | EMB8940 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| ROSE HILLS MORTUARY | FD970 | ▶ MUNTU DAVIS, M.D. | 09/08/2020 |

| 101. PLACE OF DEATH | 102. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|
| PIH HEALTH-DOWNEY | ER/OP [X] IP BVOP DOA Hospice Nursing Home/LTC Decedent's Home Other |

| 103. COUNTY | 104. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 105. CITY |
|---|---|---|
| LOS ANGELES | 11500 BROOKSHIRE AVE | DOWNEY |

| 107. CAUSE OF DEATH | Enter the chain of events — diseases, injuries, or complications — that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | 108. DEATH REPORTED TO CORONER? | |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | (A) ACUTE HYPERCAPNIA/RESPIRATORY FAILURE | Time Interval Between Onset and Death: DAYS | 108. YES [X] NO |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. | (B) CHRONIC OBSTRUCTIVE PULMONARY DISEASE | YRS | 109. BIOPSY PERFORMED? YES [X] NO |
| | (C) DIASTOLIC CONGESTIVE HEART FAILURE | YRS | 110. AUTOPSY PERFORMED? YES [X] NO |
| | (D) | | 111. USED IN DETERMINING CAUSE? YES [X] NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| OBESITY |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (if yes, list type of operation and date) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | YES [X] NO UNK |

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since (A) mm/dd/ccyy 08/22/2020 Decedent Last Seen Alive (B) mm/dd/ccyy 08/23/2020 | ▶ CHIH-HSIN CHEN M.D. | A103838 | 09/04/2020 |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|
| CHIH-HSIN CHEN M.D. 12401 WASHINGTON BLVD, WHITTIER, CA 90602 |

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| MANNER OF DEATH: Natural Accident Homicide Suicide Pending Investigation Could not be determined | YES NO UNK | | |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | *010001004553903* | | |

## CERTIFIED COPY OF VITAL RECORD
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

002573524



Health Officer and Registrar    DATE ISSUED    SEP 16 2020
DO 12

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the Registrar.

ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



Electronically FILED by Superior Court of California, County of Los Angeles on 08/23/2021 10:36 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Montes,Deputy Clerk

1

**GREENE BROILLET & WHEELER, LLP**
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

SCOTT H. CARR, SBN 156664 (scarr@gbw.law)
AARON L. OSTEN, SBN 281315 (aosten@gbw.law)

4

5

Attorneys for ___Plaintiffs___

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

11

ESTATE OF KATIE BEATRICE LANDRUM,
by and through its Successors-in-Interest
MAURICE LANDRUM, JR., KATHY
JOHNSON, BRIDGRETTE JOHNSON, and
MICHELLE MILLER; MAURICE
LANDRUM, JR., an individual; KATHY
JOHNSON, an individual; BRIDGRETTE
JOHNSON, an individual; MICHELLE
MILLER, an individual;

CASE NO. 21STCV31088

12

**DECLARATION OF SUCCESSOR IN INTEREST PURSUANT TO C.C.P. §377.32**

13

14

15

16

Plaintiffs,

17

vs.

18

WDW JOINT VENTURE, a California Entity
dba DOWNEY COMMUNITY HEALTH
CENTER; JAMES LANDRUM, an individual;
and DOES 1 through 100, inclusive;

19

20

Defendants.

21

22

23

24

25

26

27

28

[9886650]

- 1 -
DECLARATION OF SUCCESSOR-IN-INTEREST

**76**

1

## DECLARATION OF MAURICE LANDRUM, JR.

2

## AS SUCCESSOR IN INTEREST PURSUANT TO C.C.P. §377.32

3

4      I, MAURICE LANDRUM, JR., in accordance with the provisions of Section 377.32

5  of the Code of Civil Procedure, declare under penalty of perjury as follows:

6

7      1.    The decedent's name is KATIE BEATRICE LANDRUM.

8      2.    Decedent KATIE BEATRICE LANDRUM died on August 23, 2020, in the

9  County of Los Angeles, State of California.

10      3.    No proceeding is now pending in California for the administration of the

11  decedent's estate.

12      4.    I am the surviving son of the decedent, and am a successor in interest, as

13  defined in Code of Civil Procedure § 377.11, to the estate of decedent, and succeed to decedent's

14  interest in the action.

15      5.    No other person has a superior right to commence this action or to be

16  substituted for decedent in this action.

17      6.    Attached to this declaration is a certified copy of the death certificate of

18  decedent, KATIE BEATRICE LANDRUM.

19

20      I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct.

22

23      Executed this ___ day of August, 2021, at Etiwanda, California.

24

25                                    _____

26                                    MAURICE LANDRUM, JR.
                                       Declarant

27

28

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[988650]

## DECLARATION OF MAURICE LANDRUM, JR.

## AS SUCCESSOR IN INTEREST PURSUANT TO C.C.P. §377.32

I, MAURICE LANDRUM, JR., in accordance with the provisions of Section 377.32 of the Code of Civil Procedure, declare under penalty of perjury as follows:

1.    The decedent's name is KATIE BEATRICE LANDRUM.

2.    Decedent KATIE BEATRICE LANDRUM died on August 23, 2020, in the County of Los Angeles, State of California.

3.    No proceeding is now pending in California for the administration of the decedent's estate.

4.    I am the surviving son of the decedent, and am a successor in interest, as defined in Code of Civil Procedure § 377.11, to the estate of decedent, and succeed to decedent's interest in the action.

5.    No other person has a superior right to commence this action or to be substituted for decedent in this action.

6.    Attached to this declaration is a certified copy of the death certificate of decedent, KATIE BEATRICE LANDRUM.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of August, 2021, at Etiwanda, California.

Maurice Landrum Jr.
MAURICE LANDRUM, JR.
Declarant

GREENE BROILLET & WHEELER, LLP
P.O. BOX 856
EL SEGUNDO, CA 90245

[986650]

- 2 -
DECLARATION OF SUCCESSOR-IN-INTEREST

78

# Exhibit 1

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
## DEPARTMENT OF PUBLIC HEALTH

STATE FILE NUMBER 3052020201394

CERTIFICATE OF DEATH

LOCAL REGISTRATION NUMBER 3202019047666

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| KATIE | BEATRICE | LANDRUM |

AKA, ALSO KNOWN AS — Include Full AKA (FIRST, MIDDLE, LAST): CATER BEATRICE DAVIDSON

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | # DAYS/HRS YEAR | # UNDER 24 HOURS | 6. SEX |
|---|---|---|---|---|
| 01/01/1933 | 87 | | | F |

| 7. BIRTH STATE/FOREIGN COUNTRY | 8. SOCIAL SECURITY NUMBER | 9. EVER IN U.S. ARMED FORCES? | 10. MARITAL STATUS/SRP (at Time of Death) | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| TX | 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 | YES [X] NO UNK | DIVORCED | 08/23/2020 | 1056 |

| 13. EDUCATION — Highest Level/Degree | 14/15. WAS DECEDENT HISPANIC/LATINO/a/SPANISH? If yes, see handbook | 16. DECEDENT'S RACE — Up to 3 races may be listed (see worksheet on back) | 19. YEARS IN OCCUPATION |
|---|---|---|---|
| ASSOCIATE | YES [X] NO | BLACK | 30 |

17. USUAL OCCUPATION — Type of work for most of life. DO NOT USE RETIRED: NURSE
18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.): HEALTHCARE

| 20. DECEDENT'S RESIDENCE (Street and number, or location) | | | | |
|---|---|---|---|---|
| 8425 IOWA ST | | | | |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| DOWNEY | LOS ANGELES | 90241 | 1 | CA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| KATHY LEANETTE JOHNSON, AHCD | 350 WISCONSIN AVE #5, LONG BEACH, CA 90814 |

| 28. NAME OF SURVIVING SPOUSE/SRP—FIRST | 29. MIDDLE | 30. LAST BIRTH NAME |
|---|---|---|

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| JOHN | HENRY | DAVIDSON | TX |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST BIRTH NAME | 38. BIRTH STATE |
|---|---|---|---|
| ETHEL | | ROSE | TX |

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION | 41. TYPE OF DISPOSITION(S) |
|---|---|---|
| 09/10/2020 | RESIDENCE OF KATHY LEANETTE JOHNSON 350 WISCONSIN AVE #5, LONG BEACH, CA 90814 | CR/RES |

| 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|
| ERIN CONYERS | EMB8940 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. SIGNATURE OF LOCAL REGISTRAR | 46. DATE mm/dd/ccyy |
|---|---|---|
| ROSE HILLS MORTUARY FD970 | MUNTU DAVIS, M.D. | 09/08/2020 |

| 101. PLACE OF DEATH | 102. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|
| PIH HEALTH-DOWNEY | IP [X] ER/OP DOA Hospice Nursing Home/LTC Decedent's Home Other |

| 103. COUNTY | 104. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 105. CITY |
|---|---|---|
| LOS ANGELES | 11500 BROOKSHIRE AVE | DOWNEY |

107. CAUSE OF DEATH — Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.

| | Time Interval between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (a) ACUTE HYPERCAPNIA RESPIRATORY FAILURE | DAYS | YES [X] NO |
| Sequentially, list conditions, if any, leading to cause on line a. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) last. (b) CHRONIC OBSTRUCTIVE PULMONARY DISEASE | YRS | 109. BIOPSY PERFORMED? YES [X] NO |
| (c) DIASTOLIC CONGESTIVE HEART FAILURE | YRS | 110. AUTOPSY PERFORMED? YES [X] NO |
| (d) | | 111. USED IN DETERMINING CAUSE? [X] YES NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| OBESITY |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? If yes, list type of operation and date. | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | YES [X] NO UNK |

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since (a) 08/22/2020 (b) 08/23/2020 Decedent Last Seen Alive mm/dd/ccyy | CHIH-HSIN CHEN M.D. | A103838 | 09/04/2020 |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|
| CHIH-HSIN CHEN M.D. 12401 WASHINGTON BLVD, WHITTIER, CA 90602 |

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| MANNER OF DEATH: Natural Accident Homicide Suicide Pending Investigation Could not be determined | YES NO UNK | | |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | *010001004553923* | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|

## CERTIFIED COPY OF VITAL RECORD
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

002573524



Health Officer and Registrar    DATE ISSUED    SEP 16 2020
DO 12
MD

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

Electronically Filed by Superior Court of California, County of Los Angeles on 08/23/2021 03:06 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

GREENE BROILLET & WHEELER, LLP
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

SCOTT H. CARR, SBN 156664 (scarr@gbw.law)
AARON L. OSTEN, SBN 281315 (aosten@gbw.law)

Attorneys for   Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTATE OF KATIE BEATRICE LANDRUM, by and through its Successors-in-Interest MAURICE LANDRUM, JR., KATHY JOHNSON, BRIDGRETTE JOHNSON, and MICHELLE MILLER; MAURICE LANDRUM, JR., an individual; KATHY JOHNSON, an individual; BRIDGRETTE JOHNSON, an individual; MICHELLE MILLER, an individual;<br><br>                                    Plaintiffs,<br><br>        vs.<br><br>WDW JOINT VENTURE, a California Entity dba DOWNEY COMMUNITY HEALTH CENTER; JAMES LANDRUM, an individual; and DOES 1 through 100, inclusive;<br><br>                                    Defendants. | CASE NO.  21STCV31088<br><br>**DECLARATION OF SUCCESSOR IN INTEREST PURSUANT TO C.C.P. §377.32** |

- 1 -
DECLARATION OF SUCCESSOR-IN-INTEREST

[988653]

81

DocuSign Envelope ID: 1E13E221-8F37-49F6-88C6-57970112AFA3

**DECLARATION OF MICHELLE MILLER**

**AS SUCCESSOR IN INTEREST PURSUANT TO C.C.P. §377.32**

    I, MICHELLE MILLER, in accordance with the provisions of Section 377.32 of the Code of Civil Procedure, declare under penalty of perjury as follows:

    1.    The decedent's name is KATIE BEATRICE LANDRUM.

    2.    Decedent KATIE BEATRICE LANDRUM died on August 23, 2020, in the County of Los Angeles, State of California.

    3.    No proceeding is now pending in California for the administration of the decedent's estate.

    4.    I am the surviving daughter of the decedent, and am a successor in interest, as defined in Code of Civil Procedure § 377.11, to the estate of decedent, and succeed to decedent's interest in the action.

    5.    No other person has a superior right to commence this action or to be substituted for decedent in this action.

    6.    Attached to this declaration is a certified copy of the death certificate of decedent, KATIE BEATRICE LANDRUM.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed 8/12/2021 | 2:21 AM PDT , at Long Beach, California.

MICHELLE MILLER
Declarant

[988653]

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

# Exhibit 1

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
## DEPARTMENT OF PUBLIC HEALTH

### CERTIFICATE OF DEATH

STATE FILE NUMBER: 3052020201394

LOCAL REGISTRATION NUMBER: 3202019047666

1. NAME OF DECEDENT—FIRST (Given): KATIE
2. MIDDLE: BEATRICE
3. LAST (Family): LANDRUM

AKA, ALSO KNOWN AS—Include full AKA (FIRST, MIDDLE, LAST): CATER BEATRICE DAVIDSON

4. DATE OF BIRTH mm/dd/ccyy: 01/01/1933
5. AGE Yrs: 87
8. SEX: F

6. BIRTH STATE/FOREIGN COUNTRY: TX
10. SOCIAL SECURITY NUMBER: 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
11. EVER IN US ARMED FORCES?: NO
12. MARITAL STATUS: DIVORCED
7. DATE OF DEATH mm/dd/ccyy: 08/23/2020
9. HOUR (24 Hours): 1056

13. EDUCATION: ASSOCIATE
14/15. WAS DECEDENT HISPANIC/LATINO/SPANISH?: NO
16. DECEDENT'S RACE: BLACK

17. USUAL OCCUPATION: NURSE
18. KIND OF BUSINESS OR INDUSTRY: HEALTHCARE
19. YEARS IN OCCUPATION: 30

20. DECEDENT'S RESIDENCE: 8425 IOWA ST
21. CITY: DOWNEY
22. COUNTY/PROVINCE: LOS ANGELES
23. ZIP CODE: 90241
24. YEARS IN COUNTY: 1
25. STATE/FOREIGN COUNTRY: CA

26. INFORMANT'S NAME, RELATIONSHIP: KATHY LEANETTE JOHNSON, AHCD
27. INFORMANT'S MAILING ADDRESS: 350 WISCONSIN AVE #5, LONG BEACH, CA 90814

28. NAME OF SURVIVING SPOUSE/SDP—FIRST
29. MIDDLE
30. LAST BIRTH NAME

31. NAME OF FATHER/PARENT—FIRST: JOHN
32. MIDDLE: HENRY
33. LAST: DAVIDSON
34. BIRTH STATE: TX

35. NAME OF MOTHER/PARENT—FIRST: ETHEL
36. MIDDLE
37. LAST BIRTH NAME: ROSE
38. BIRTH STATE: TX

39. DISPOSITION DATE mm/dd/ccyy: 09/10/2020
40. PLACE OF FINAL DISPOSITION: RESIDENCE OF KATHY LEANETTE JOHNSON 350 WISCONSIN AVE #5, LONG BEACH, CA 90814

41. TYPE OF DISPOSITIONS: CR/RES
42. SIGNATURE OF EMBALMER: ERIN CONYERS
43. LICENSE NUMBER: EMB8940

44. NAME OF FUNERAL ESTABLISHMENT: ROSE HILLS MORTUARY
45. LICENSE NUMBER: FD970
46. SIGNATURE OF LOCAL REGISTRAR: MUNTU DAVIS, M.D.
47. DATE mm/dd/ccyy: 09/09/2020

101. PLACE OF DEATH: PIH HEALTH-DOWNEY
103. COUNTY: LOS ANGELES
105. FACILITY ADDRESS OR LOCATION WHERE FOUND: 11500 BROOKSHIRE AVE
105.1 CITY: DOWNEY

107. CAUSE OF DEATH:
IMMEDIATE CAUSE: ACUTE HYPERCAPNIA RESPIRATORY FAILURE — DAYS
Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE: CHRONIC/OBSTRUCTIVE PULMONARY DISEASE — YRS
DIASTOLIC CONGESTIVE HEART FAILURE — YRS

108. DEATH REPORTED TO CORONER?: NO
109. BIOPSY PERFORMED?: NO
110. AUTOPSY PERFORMED?: NO
111. USED IN DETERMINING CAUSE?: NO

112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107: OBESITY

113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112?: NO

115. SIGNATURE AND TITLE OF CERTIFIER: CHIH-HSIN CHEN M.D.
116. LICENSE NUMBER: A103838
117. DATE mm/dd/ccyy: 09/04/2020

Decedent Attended Since: 08/22/2020
Decedent Last Seen Alive: 08/23/2020

118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE: CHIH-HSIN CHEN M.D. 12401 WASHINGTON BLVD, WHITTIER, CA 90602

119. MANNER OF DEATH: Natural
120. INJURED AT WORK?: NO
121. INJURY DATE mm/dd/ccyy
122. HOUR (24 Hours)

123. PLACE OF INJURY

124. DESCRIBE HOW INJURY OCCURRED

125. LOCATION OF INJURY

126. SIGNATURE OF CORONER / DEPUTY CORONER
127. DATE mm/dd/ccyy
128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER

STATE REGISTRAR: A   B   C   D   E
"010001004653923"

---

## CERTIFIED COPY OF VITAL RECORD
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.



Health Officer and Registrar   DO 12   DATE ISSUED   SEP 16 2020



002573524

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the Registrar.

ALTERATION OR ERASURE VOIDS THIS CERTIFICATE